# UNITED STATES DISTRICT COURT

## FOR THE WESTERN DISTRICT OF LOUISIANA

### SHREVEPORT DIVISION

| | |
|---|---|
| **GEROD BREWER** | **CIVIL ACTION NO. 11-650-P** |
| **VERSUS** | **JUDGE WALTER** |
| **WARDEN** | **MAGISTRATE JUDGE HORNSBY** |

## REPORT AND RECOMMENDATION

In accordance with the standing order of this court, this matter was referred to the undersigned Magistrate Judge for review, report and recommendation.

## STATEMENT OF CLAIM

Before the court is a petition for writ of habeas corpus filed by pro se petitioner Gerod Brewer ("Petitioner"), pursuant to 28 U.S.C. §2254.  This petition was received and filed in this court on April 20, 2011.  Petitioner is currently incarcerated at the Elayn Hunt Correctional Center in St. Gabriel, Louisiana.  He was incarcerated at the  Louisiana State Penitentiary in Angola, Louisiana when he filed this petition.  He challenges his state court conviction, habitual offender adjudication, and sentence.   He names the Warden as respondent.

Petitioner was convicted of one count of manslaughter in Louisiana's First Judicial District Court, Parish of Caddo.  Subsequently, he was adjudicated a third felony offender and sentenced to life imprisonment at hard labor without benefit of parole, probation, or suspension of sentence.

In support of this petition, Petitioner alleges (1) the evidence was insufficient to support his conviction; (2) the trial court denied his motion for a mistrial; (3) the trial court erred in adjudicating him a third felony offender; (4) his sentence is excessive; and (5) he received ineffective assistance of counsel.

For the reasons that follow, Petitioner is not entitled to the relief requested and his petition should be dismissed because it is barred by the one-year limitation period of the Antiterrorism and Effective Death Penalty Act ("AEDPA"), 28 U.S.C. § 2244.

## LAW AND ANALYSIS

On April 24, 1996, the AEDPA amended 28 U.S.C. § 2244 to provide for a "1-year period of limitation [that] shall apply to an application for writ of habeas corpus by a person in custody pursuant to the judgment of a State court."  The limitation period runs from the latest of four possible dates, as follows[1]:

1.  the date "the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;"

2.  the date "the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed if the applicant was prevented from filing by such State action;"

3.  the date that "the constitutional right asserted was initially recognized by the

---

[1]  The time during which a properly filed state post-conviction relief application or other collateral review is pending shall not be counted toward the period of limitations.  See 28 U.S.C. § 2244(d)(2).

Supreme Court," if it is newly recognized and made retroactively applicable; or

4.    the date "the factual predicate of the claim . . . presented could have been discovered through . . . due diligence."  28 U.S.C. § 2244 (d)(1).

Therefore, in order to determine whether a petitioner has filed a timely application, the court must allow the petitioner one year from the most recent date provided by subsections (1) through (4).

The Court will first determine when Petitioner's conviction and sentence became final on direct review and then toll the limitations period for the time taken for any "properly filed" collateral review applications.

Petitioner was convicted on April 4, 2003 and subsequently adjudicated a multiple offender and sentenced.  The Louisiana Second Circuit Court of Appeal affirmed his conviction, habitual offender adjudication, and sentence on August 20, 2004.  State v. Brewer, 880 So.2d 1005, 38,515-KA, (La. App. 2 Cir. 8/20/04).  The Supreme Court of Louisiana denied writs of review on February 18, 2005, and denied reconsideration on March 24, 2005.  State v. Brewer, 896 So.2d 28, 2004-K-2539 (La. 2/18/05), reconsideration denied, 896 So.2d 1022, 2004-2539 (La. 3/24/05).  In a case where a convicted person timely pursues his direct appeal through a writ application to the Supreme Court of Louisiana, the conviction and sentence become final for purposes of Section 2244 ninety days after the state's high court enters its judgment, which is when the time to file a petition for writ of certiorari with the Supreme Court has expired.  Roberts v. Cockrell, 319 F.3d 690, 693 (5th Cir. 2003).

Therefore, Petitioner's one-year period commenced 90 days after March 24, 2005 on June 22, 2005.

The federal petition currently before the Court was filed in this Court on April 20, 2011 and mailed on April 19, 2011. Since the federal clock began ticking on June 22, 2005 and Petitioner had one full year in which to file her federal petition, Petitioner would have had to file this petition in or before June 22, 2006. This petition was not filed until April 2011, more than four years too late.

It appears that Petitioner's state petition for post-conviction relief did toll his federal one-year limitation period, but that Petitioner is still untimely. See supra footnote 1. Petitioner's one year federal limitation period began on June 22, 2005 and continued until he filed his first state post conviction relief application in the trial court on March 23, 2006, encompassing approximately 257 days of the limitation period. From that point, the limitation period was tolled until October 5, 2007, when the Supreme Court of Louisiana denied relief.[2] State v. Brewer, 2007-0223 (La. 10/5/07), 964 So.2d 383. Petitioner then had approximately 108 days, or until January 21, 2008, to file his federal petition for a writ of habeas corpus in this Court. Petitioner did not file his petition in this Court until April 2011 at the earliest. Thus, the time in which the limitation period was running exceeded 365 days

---

[2]This court notes that the Louisiana Code of Criminal Procedure provides that a judgment on direct appeal becomes final when the delay (14 days from rendition of judgment) for applying for a rehearing has expired and no application for rehearing has been made. Art. 922. However, the Louisiana Code of Criminal Procedure provides no such provision for applications for post-conviction relief. However, even if this court gave Petitioner the benefit of the doubt and applied the appellate provisions to his application for post-conviction relief, his petition would still be untimely.

and Petitioner's federal habeas claim is time-barred.

Petitioner argues that the federal one-year limitation period should be equitably tolled. He claims his retained counsel provided him with ineffective assistance of counsel during his federal habeas proceedings.  Petitioner claims in October 2007, he retained counsel Kenota Pulliam to file his federal habeas petition.  Petitioner claims that for two years his attorney did not file anything on his behalf.  Petitioner claims he contacted his attorney numerous times regarding his concern of the federal limitation period, but received no response. Petitioner claims he was barred from this court because of his attorney's negligence and incompetence.  Petitioner became aware in October 2009 that his attorney was ineligible to practice law [Doc. 1, p. 18].  He filed complaints about his attorney with the Louisiana Attorney Disciplinary Board and the Louisiana State Bar Association.  Petitioner's claim for equitable tolling is without merit

The Fifth Circuit Court of Appeal has recognized that the one-year limitation period for filing a habeas corpus petition established in 28 U.S.C. §2244(d)(1) is not a jurisdictional bar and is therefore subject to equitable tolling.  See Davis v. Johnson, 158 F.3d 806, 811 (5th Cir.1998).  Although equitable tolling is a "discretionary doctrine that turns on the facts and circumstances of a particular case," the Court ordinarily "draw[s] on general principles to guide when equitable tolling is appropriate." Fisher v. Johnson, 174 F.3d 710, 713 (5th Cir. 1999).  As a general rule, equitable tolling operates only "in rare and exceptional circumstances" where it is necessary to "preserve[ ] a plaintiff's claims when strict application of the statute of limitations would be inequitable." Davis, 158 F.3d at 810-11 (citation and

internal quotation marks omitted).  Equitable tolling thus applies " 'principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights.'"  <u>Coleman v. Johnson</u>, 184 F.3d 398, 402 (5th Cir.1999) (citation omitted).  As a consequence, neither "excusable neglect" nor ignorance of the law is sufficient to justify equitable tolling. <u>Id.</u>

Petitioner has not presented the kind of extraordinary circumstances that would warrant tolling, and he has not shown that he acted with reasonable diligence. Petitioner could have filed a pro se petition for federal habeas relief. It may seem harsh to deny equitable tolling, when a prisoner can usually file only one federal petition, with such a serious conviction and lengthy sentence at issue. The Fifth Circuit has not hesitated, however, to reverse a district court that applied equitable tolling in a death penalty case, despite the blame for the untimeliness landing squarely at the feet of defense attorneys and circuitous proceedings in the state courts. <u>Manning v. Epps</u>, 688 F.3d 177, 2012 WL 2899353 (5th Cir. 2012).  The Supreme Court also rejected equitable tolling in a death penalty case where the delay was blamed on mental incapacity of the prisoner and a mistake by his counsel in calculating the filing deadline. <u>Lawrence v. Florida</u>, 127 S.Ct. 1079 (2007).

For the foregoing reasons, Petitioner's <u>habeas</u> petition should be dismissed because it is time barred by the one-year limitation period imposed by the AEDPA.

Accordingly;

**IT IS RECOMMENDED** that Petitioner's application for writ of <u>habeas</u> <u>corpus</u> be **DENIED AND DISMISSED WITH PREJUDICE**, <u>sua</u> <u>sponte</u>, because it is time barred

by the one-year limitation period imposed by the AEDPA.  See Kiser v. Johnson, 1999 WL

199 (5th Cir. 1/6/99) (No. 11,292).

## OBJECTIONS

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties

aggrieved by this recommendation have fourteen (14) days from service of this Report and

Recommendation to file specific, written objections with the Clerk of Court, unless an

extension of time is granted under Fed. R. Civ. P. 6(b).  A party may respond to another

party's objections within ten (10) days after being served with a copy thereof.  Counsel are

directed to furnish a courtesy copy of any objections or responses to the District Judge at the

time of filing.

A party's failure to file written objections to the proposed findings, conclusions and

recommendation set forth above, within fourteen (14) days after being served with a copy

shall bar that party, except upon grounds of plain error, from attacking, on appeal, the

proposed factual findings and legal conclusions that were accepted by the district court and

that were not objected to by the aforementioned party.  See Douglas v. U.S.A.A., 79 F.3d

1415 (5th Cir. 1996) (en banc).

An appeal may not be taken to the court of appeals from a final order in a proceeding

under Section 2254 unless a circuit justice, circuit judge, or district judge issues a certificate

of appealability. 28 U.S.C. § 2253(c); F.R.A.P. 22(b).  Rule 11 of the Rules Governing

Section 2254 Proceedings for the U.S. District Courts requires the district court to issue or

deny a certificate of appealability when it enters a final order adverse to the applicant. A

certificate may issue only if the applicant has made a substantial showing of the denial of a constitutional right. Section 2253(c)(2). A party may, within **fourteen (14) days** from the date of this Report and Recommendation, file a memorandum that sets forth arguments on whether a certificate of appealability should issue.

   **THUS DONE AND SIGNED**, in chambers, in Shreveport, Louisiana, this 4th day of October 2013.

Mark L. Hornsby
U.S. Magistrate Judge